IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA AUDIT,<br><br>                    *Plaintiff,*<br><br>    v.<br><br>CHNEP, *et al.*,<br><br>                    *Defendants.* | Civil Action No. 2:25-cv-01195<br><br>Judge Stickman |

**DEFENDANTS' MOTION FOR CLARIFICATION**

Ten Defendants JIAHONG Co.Ltd (Def. No. 172), YUTI Co.Ltd (Def. No. 173), JIONGJING Co.Ltd (Def. No. 196), JIAYANG Co.Ltd (Def. No. 197), WEILANG Co.Ltd (Def. No. 225), HANCI Co.Ltd (Def. No. 227), FANGLIU Co.Ltd (Def. No. 235), MINGKU Co.Ltd (Def. No. 236), FANGHAO Co.Ltd (Def. No. 273), WAIHE Co.Ltd (Def. No. 275) (collectively, "Defendants"), respectfully move this Court for clarification regarding two issues in its order entered on October 8, 2025 [Dkt. No. 70]. Defendant seeks clarification on their rights to jurisdictional discovery and the status of the Temporary Restraining Order ("TRO").

**A.   Permission to Conduct Jurisdictional Discovery on Plaintiff**

The Court's Order authorizes Plaintiff to conduct jurisdictional discovery directed at each Defendant, but it does not expressly permit Defendants to seek reciprocal discovery from Plaintiff.

Defendants believe that a fair and balanced discovery process should be mutual, allowing each party the opportunity to test the factual bases for the other's assertions, particularly where Plaintiff's allegations of personal jurisdiction rely entirely on speculative and unverified assertions regarding Defendants' purported sales or offers for sale in Pennsylvania. *See* Dkt. No. 68, pp. 2-3.

Accordingly, Defendants respectfully request clarification that they, too, may serve limited jurisdictional discovery requests upon Plaintiff, in the same manner as outlined in the Court's October 8 order.

### B.  Status of the Temporary Restraining Order

On August 6, 2025, Plaintiff filed an emergency motion for a temporary restraining order ("TRO") [Dkt. No. 4], which was granted on August 7, 2025 [Dkt. No. 17].

While the Court Order entered on October 8, 2025 granted Plaintiffs' motion to conduct jurisdictional discovery, it did not specifically address Plaintiff's request of extending the TRO. *See* Dkt. No. 68, p. 1.

Pursuant to Federal Rule of Civil Procedure 65(b)(2), a TRO expires within 14 days unless extended for good cause, and in any event cannot remain in effect for more than 28 days without conversion into a preliminary injunction. *See Koch v. Fed. Bureau of Prisons*, No. 3:16-CV-1166, 2016 U.S. Dist. LEXIS 78761, at *3 (M.D. Pa. June 16, 2016) ("a TRO that continues beyond the time permissible under Fed. R. Civ. P. 65(b)(2) must be treated as a preliminary injunction and must conform to the standards applicable to preliminary injunctions.").

Therefore, Defendant respectfully requests the Court's clarification as to whether the TRO remains in effect, or whether, in light of the deferral of a ruling on the Motion for Preliminary Injunction, the TRO has expired and the restraints imposed by the TRO are no longer in effect.

### C.  Conclusion

For the reasons outlined above, Defendants respectfully request that the Court issue a clarification on the following:

1. Whether Defendants are authorized to conduct jurisdictional discovery on Plaintiff; and
2. Whether the TRO has expired, or if it has been extended.

October 10, 2025,                              Respectfully submitted,


                                               /s/ He Cheng
                                               He Cheng
                                               Palmer Law Group, P.A.
                                               401 E Las Olas Blvd, Suite 1400
                                               Fort Lauderdale, FL 33308
                                               recheng@palmerlawgroup.com
                                               Tel: +1 (917) 525-1495
                                               ***Attorney for Defendants***